Adam B. Nach – 013622
**LANE & NACH, P.C.**
2001 E. Campbell Ave., Suite 103
Phoenix, Arizona 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com

*Attorney for Plaintiff*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| HOOVER WELL SERVICE, LLC, | No. 4:16-bk-03734-SHG |
| Debtor. | 4:16-bk-03738-SHG |
| | Jointly Administered |
| | Adversary No. |
| In re: | |
| TOMMY JOHN HOOVER and TERRY LYNN HOOVER, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENCES** |
| Debtors. | **(11 U.S.C. §§ 547 and 550)** |

This filing applies to:

- ■ Hoover Well Service, LLC

- ☐ Tommy John Hoover and Terry Lynn Hoover

- ☐ All Debtors

GAYLE ESKAY MILLS, CHAPTER 7 TRUSTEE

        Plaintiff,

vs.

ITRIA VENTURES, LLC, a Delaware Corporation,

        Defendant.

Gayle Eskay Mills, Chapter 7 Trustee and Plaintiff herein, ("**Plaintiff**"), by and through her attorneys undersigned, for her Complaint against Defendant Itria Ventures, LLC, respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547, and 550.

2.     Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

4.     Pursuant to Fed.R.Bankr.P. 7001, a proceeding to recover money or property is governed by Part VII of Fed.R.Bankr.P.

5.     The Plaintiff is permitted to bring this adversary proceeding on behalf of the Estate pursuant to Fed.R.Bankr.P. 6009.

6.     All acts giving rise to the causes of action in this Complaint occurred or caused events to occur in the State of Arizona.

## GENERAL ALLEGATIONS

7.     This case was commenced by voluntary petition filed by Hoover Well Service, LLC ("**Debtor**") originally under Chapter 11 on April 8, 2016 ("**Petition Date**") and was converted to Chapter 7 on December 7, 2016.

8.     Plaintiff is the duly appointed and acting Trustee in this Chapter 7 case.

9.     On information and belief, Defendant Itria Ventures, LLC ("**Defendant**") is a Delaware corporation authorized to and doing business in the State of Arizona.

10.     Pursuant to Debtor's Statement of Financial Affairs, within the ninety (90) days prior to the Petition Date, Debtor remitted payments to Defendant in the aggregate amount of $28,000.00 ("**Transfers**").

11.     On information and belief and subject to further discovery, there may be additional transfers made by the Debtor to the Defendant within 90 days prior to the Petition Date.  To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

12. Despite demand, Defendant has failed to remit the Transfers to Plaintiff.

## COUNT ONE

### (Preference – 11 U.S.C. §§ 547 and 550)

13. Plaintiff repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

14. The Transfers were made with property of the Debtor.

15. The Transfers constitute "transfers" as defined in 11 U.S.C. § 101(54).

16. Upon information and belief, the Defendant was a creditor of the Debtor pursuant to 11 U.S.C. §547(b)(1).

17. On information and belief, the Transfers made were in satisfaction of an antecedent debt of the Debtor pursuant to 11 U.S.C. §547(b)(2).

18. Pursuant to Debtor's Schedules of Assets and Liabilities, Debtor had assets in the amount of $4,232,875.99 and liabilities in the amount of $6,136,962.57 as of the Petition Date; therefore, Plaintiff believes Debtor was insolvent when the Transfers were made.

19. Debtor is presumed to be insolvent when the Transfers were made pursuant to 11 U.S.C. §547(f).

20. On information and belief, the Transfers were made within the ninety (90) day preference period as set forth in 11 U.S.C. §547(b)(4).

21. The effect of the aforementioned Transfers enabled the Defendant to receive more than it would have received as a creditor under Chapter 7 of Title 11, United States Code, if the Transfers had not occurred, and had Defendant received payment of such debt to the extent provided by Title 11 of the United States Code.

22. Pursuant to 11 U.S.C. §547(b), Plaintiff may avoid the aforementioned Transfers.

23. Pursuant to 11 U.S.C. §§547 and 550, Plaintiff is entitled to an order of this Court requiring Defendant to turn over the property or the equivalent value of the Transfers to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Itria Ventures, LLC as follows:

1       A     Avoiding the Transfers and directing Defendant to remit the sum of

2              $28,000.00 pursuant to 11 U.S.C. §§ 547 and 550;

3       B     For interest on said sum from the date of the Transfer and after until paid at the

4              highest rate allowed by law;

5       C     For Plaintiff's reasonable costs incurred herein;

6       D     For Plaintiff's attorneys' fees incurred herein and in the minimum amount of

7              $500.00 in the event a default judgment is obtained; and,

8       E     For such other and further relief as this Court deems just and proper.

9    RESPECTFULLY SUBMITTED this 13th day of December, 2017.

10                                  **LANE & NACH, P.C.**

11                               By: * /s/ Adam B. Nach – 013622*

12                                   Adam B. Nach
                                   *Attorney for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28